Dease et al. *v.* Reed et al.

---

O. C. DEASE et al. *vs.* STEPHEN A. REED et al.

The note in this case was made payable to bearer, and to sustain the plea of the want of interest in the note by R., it should have been proven that a title by delivery of the note had vested in the assignee.

IN error from the circuit court of Jasper county; Hon. A. B. Dawson, judge.

The facts are contained in the opinion of the court.

*Heyfron & Street*, for plaintiffs in error.

*Adams & Dixon*, for defendants in error.

Mr. Justice FISHER delivered the opinion of the court.

This was an action of assumpsit in the circuit court of Jas-

per county, by Stephen A. Reed, for the use of James J. Garrett, against the plaintiffs in error on a promissory note made by them payable to said Reed or bearer, for the sum of $165. At the appearance term, the defendants pleaded the general issue, and at the next term of the court, filed a plea *puis darrein continuance*, averring that since the last continuance, the usee had transferred to one Abraham Reed, all his right, title, and interest in and to said note; and as evidence thereof, had delivered to him the attorney's receipt given for the same. Upon this plea an issue was joined, and a trial had in the court below.

There was some conflict in the testimony given on the trial, which made it purely a question of fact for the jury. A witness introduced by the plaintiffs, proved that the suit was to be continued by Garrett, and that Abraham Reed was to have $150 of the money, when collected.

This testimony does not prove a transfer of the note, but only an equitable assignment of part of the money, when collected. The note was payable to bearer, and to sustain the plea, the proof should have shown that a title by delivery of the note had vested in the assignee, Abraham Reed.

As we have already stated, the question was one purely of fact, to be tried by the jury, and they having found for the plaintiff, under the evidence before them, we are of opinion the court did not err in permitting their verdict to stand.

Judgment affirmed.